## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID LIEBLER, and GREG CAREY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>LG ELECTRONICS U.S.A., INC., a Delaware corporation,<br><br>*Defendant*. | Case No. 14-CV-03500-JLL-JAD |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs David Liebler and Greg Carey (collectively "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully move the Court for leave to file the attached Second Amended Class Action Complaint (the "SAC"),[1] naming Michael Criaris as the named plaintiff in this putative class action. In support of their Motion, Plaintiffs state as follows:

**I.      Relevant Factual Background.**

1.      On June 2, 2014, David Leibler filed his original Class Action Complaint, alleging that Defendant LG Electronics U.S.A., Inc. ("LG" or "Defendant") fraudulently marketed various smartphones to consumers nationwide. (Dkt. 1.)

2.      On July 15, 2014—and prior to LG having appeared in this action—Plaintiffs filed their First Amended Complaint (the "FAC") as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), adding Plaintiff Carey as a named plaintiff and putative class representative, and adding certain allegations in support of their claims. (Dkt. 4.)

---

[1]      A copy of Plaintiffs' proposed SAC is attached hereto as Exhibit 1.

[2]      Plaintiffs dispute that any of the defects raised by LG in its Motion are fatal, or would require the Court to dismiss the current Plaintiffs' claims. Nonetheless, as discussed below,

3.      On September 15, 2014, Defendant filed its Motion to Dismiss the FAC (the "Motion"). (Dkt. 17.) Of particular relevance here, LG argued that Plaintiffs' claims under the New Jersey Consumer Fraud Act and for Breach of Express Warranty must fail because, as Michigan and Kansas residents, New Jersey's laws would not apply to their claims. (*See id.* at pp. 23-25, 27-29.)

4.      Thereafter, Defendant requested an extension of the briefing schedule on its Motion and on October 3, 2014, the Parties filed a Stipulation of Adjournment requesting that the Court extend Plaintiffs' deadline to file their opposition to the Motion until October 31st, Defendant's deadline to file its reply to November 21st, and reschedule the adjournment date to December 15th (Dkt. 23), which the Court granted the next day. (Dkt. 24.)

5.      Since that time, Plaintiffs have diligently worked to respond to Defendant's Motion, however, they now seek leave to file the SAC, pursuant to Federal Rule of Civil Procedure 15(a)(2), in order to name Michael Criaris as the named plaintiff and putative class representative in this action and to cure the purported defects Defendant has identified in the FAC.[2]

6.      Specifically, while the SAC is fundamentally similar to the FAC in that it still focuses on Defendant's fraudulent marketing of its smartphones, it now (i) names Criaris—a New Jersey resident—as the named plaintiff, (ii) assert a claim for Fraud by Omission (Count II) based upon LG's *failure to disclose* the fact that it pre-loads its phones with applications and other files that utilize 60-89% of its phones "internal storage" and that it entirely blocks

---

[2]      Plaintiffs dispute that any of the defects raised by LG in its Motion are fatal, or would require the Court to dismiss the current Plaintiffs' claims. Nonetheless, as discussed below, Plaintiffs believe that amending the FAC to name Criaris will narrow the issues in dispute and allow the Parties and the Court to proceed in the most efficient manner possible. (*See* Declaration of Eve-Lynn J. Rapp attached here to as Exhibit 2, ¶ 6.)

consumers from transferring applications to the available external storage cards, and (iii)

removes Plaintiffs' claims for Defendant's Fraud in the Inducement, Negligent

Misrepresentation, and Breach of Express Warranties. (*See* Ex. 1.)

7.     Prior to filing the instant motion, Plaintiffs' counsel conferred with LG's counsel

in an effort to secure LG's agreement to the relief requested herein. Notwithstanding, LG has

declined to stipulate to Plaintiffs' proposed amendment of the pleadings. (*See* P. Hanebutt's

October 28, 2014 Email, a true and accurate copy of which is attached here to as Exhibit 3.) As

such, Plaintiffs now seek leave to file the SAC pursuant to Federal Rule of Civil Procedure

15(a)(2) .

## II.     Argument.

8.     Leave to amend the pleadings should "be granted freely when justice so requires."

*Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citing Fed. R. Civ. P. 15(a)). The Third

Circuit has "a liberal approach to the amendment of pleadings under Rule 15 to ensure that a

particular claim will be decided on the merits rather than on technicalities." *Bussiculo v. Babcock

Power, Inc.*, No. 13-cv-7192 JLL, 2014 WL 4611544, at *4 (D.N.J. Sept. 15, 2014). Leave to

amend is particularly appropriate and "must generally be granted" where, as here, "a claim is

vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend." *Shane v. Fauver*,

213 F.3d 113, 115 (3d Cir. 2000); *see also Great W. Mining & Mineral Co. v. Fox Rothschild

LLP*, 615 F.3d 159, 174 (3d Cir. 2010) ("[I]f a complaint is subject to a Rule 12(b)(6) dismissal,

a district court must permit a curative amendment unless such an amendment would be

inequitable or futile."). Indeed, the denial of a request to amend is *only* appropriate if "the court

finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory

motive; or (4) futility of amendment." *Bussiculo,* 2014 WL 4611544, at *5. And if a party

opposes an amendment, that party bears the burden of demonstrating why an amendment should not be permitted. *Id.* at *4.

9.      The Court should grant Plaintiffs' request to file the SAC here. Foremost, as noted above, Plaintiffs' proposed amendment would cure many of the alleged defects raised by Defendant in its Motion. Specifically, as Criaris is a New Jersey resident, Defendant's contention that New Jersey's "choice of law principles bar application of the [NJCFA] to this action" (Motion at 23), would now be moot. (*See* Ex. 1 at ¶ 8.) Additionally, as Plaintiff Criaris's claims are based on Defendant's alleged fraudulent omissions and failure to inform consumers that (i) it "pre-load[ed] its phones with unwanted apps and other files that use up between 60-89% of the phones' "internal storage," and that it "blocks consumers from transferring…applications to [its] SD cards, by engineering its phones so that Apps can never be stored onto the cards," (*see, e.g.*, Ex. 1 ¶ 3), the SAC likewise eliminates the need to litigate Plaintiffs' breach of warranty and negligent misrepresentation claims. *See Shane*, 213 F.3d at 115; *Great W. Mining & Mineral Co*, 615 F.3d at 174.

10.      Additionally, the proposed amendment would not be futile. *See Shane*, 213 F.3d at 115 ("Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted," and is assessed using the "same standard of legal sufficiency as applies under Rule 12(b)(6).") (internal citations omitted); *see also Pontrelli v. MonaVie, Inc.,* No. 13-CV-4649-WJM-MF, 2014 WL 4105417, at *5 (D.N.J. Aug. 19, 2014) (explaining that claims sounding in fraud—such as those alleged under the NJCFA—must satisfy Rule 9(b)'s standards by alleging "the who, what, when, where, and how of the events at issue."). Specifically, in the SAC, Criaris alleges that "[i]n June 2013" (the "when"), he "read LG's marketing materials on the Optimus L9's packaging at a T-Mobile USA retail store in New Jersey" (the "who" and

"where"), but that Defendant failed to disclose that "60% of the phone's internal storage was used by or reserved for LG" or that "Apps could not be installed onto the external storage" on the packaging (the "what")—a fact that was material to him and other consumers. (Ex. 1 ¶¶ 49, 50.) Criaris likewise provides several well-pleaded allegations to establish that Defendant knowingly omitted this information and intended that consumers would purchase their LG smartphones in reliance on those omissions (*see, e.g., id.* ¶¶ 2-4, 30, 33, 66, 74), as well as to demonstrate why Defendant had a duty to disclose this information to consumers. (*See, e.g., id.* ¶¶ 36, 46,74.) Finally, Criaris alleges that had he "known that he only could use 40% of the phone's internal storage and that the phone prohibited storing Apps on external storage, he would not have purchased the Optimus L9 LG Phone, or he would have paid less money for it," and that he suffered an ascertainable loss—specifically, "the difference in value between the product expected and the one received"—as a result of Defendant's material omissions. (*Id.* ¶¶ 51-52.)

11.     As such, the SAC readily pleads the particularities of the alleged omissions at issue to place LG on "notice of the precise misconduct with which they are charged." *See Harkes v. The Accessory Corp., Inc.*, No. 09-cv-02556, 2010 WL 919616, at *5 (D.N.J. March 10, 2010) ("[t]he most basic consideration in judging the sufficiency of a pleading [under Rule 9(b)] is whether it provides adequate notice to an adverse party to enable it to prepare a responsive pleading").

12.     Next, granting leave to file the SAC is likewise appropriate because LG cannot meet is burden of demonstrating that Plaintiffs' proposed amendment comes as a result of any undue delay or that it will be unduly prejudice Defendant. Specifically, Plaintiffs' request to amend comes just weeks after Defendant filed its Motion, before the Motion has been decided or fully briefed, and is Plaintiffs' first request (and attempt) to amend in response to Defendant's

responsive pleading. *See Eisai Co. v. Teva Pharm. USA, Inc.*, 247 F.R.D. 445, 448 (D.N.J. 2007) (finding a motion to amend filed 15 months after the answer to the complaint "not unreasonable on its face"); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006) (holding that a delay of 11 months not unreasonable). And of course, the Parties have not yet begun discovery, and no deadline to amend the pleadings or join additional parties has been set. *See Smith v. Honeywell Int'l, Inc.*, No. 10-CV-03345-ES-JAD, 2014 WL 301031, at *8 (D.N.J. Jan. 27, 2014) (granting leave to amend and noting that courts generally do not find "unfair prejudice when a party moves to amend while discovery is still open."); *TransWeb, LLC v. 3M Innovative Properties Co.*, No. CIV.A. 10-4413 FSH, 2011 WL 2181189, at *9 (D.N.J. June 1, 2011) (finding no undue prejudice where plaintiff sought leave to amend complaint and six months remained in fact discovery).

13.     Moreover, as the SAC is grounded in the same fundamental misconduct—i.e., Defendant's deceptive marketing and sale of its smart phones—Defendant cannot claim that the SAC will require them to defend against any substantially new theories or facts, or address new claims to which they were not previously aware. *See, e.g.*, *Adams v. Gould Inc.*, 739 F.2d 858, 869 (3d Cir. 1984) (rejecting defendants' argument that they would be prejudiced if plaintiffs were allowed to file a second amended complaint despite the rejection of its first legal theory on summary judgment, where the theory in the amended complaint was "based on the same facts as the original theory and could have been raised in the original complaint" and the only argument of prejudice asserted by defendants was "additional counsel fees").[3]

---

[3]     Notably, given Criaris is a New Jersey resident brining claims against a New Jersey entity, allowing Plaintiffs to amend will permit the Parties and the Court to avoid the potential need to litigate and decide issues under various state's laws—i.e., if the Court were to decide that New Jersey did not have the "most significant relationship" to Plaintiffs' claims as argued by Defendant (*see, eg.,* Motion at 23-25, 27)—as Criaris' claims under New Jersey law can be applied extraterritorially and uniformly across the country. *See, e.g.*, *Elias v. Ungar's Food Products, Inc*., 252 F.R.D. 233 (D.N.J. 2008) (holding that "[u]nder New Jersey's choice of law

14.     Finally, Plaintiffs' motion for leave to amend is made in good faith and not for any dilatory purpose. (Rapp Decl. ¶ 7.) Indeed, as noted above, by requesting the relief sought herein, Plaintiffs seek only to cure the so-called defects raised by Defendant's Motion, and to eliminate certain non-substantive disputes between the Parties.

15.     Accordingly, Plaintiffs' motion for leave to amend would serve to advance the interests of justice, rather than delay it, is appropriate under Rule 15's "liberal" standards, and should be granted.

### III.     Conclusion.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an order (i) granting leave to file the Second Amended Complaint naming Michael Criaris as the named plaintiff and class representative in this putative class action, and (ii) granting such other and further relief that the Court deems reasonable and just.[4/5]

Respectfully submitted,

**DAVID LIEBLER and GREG CAREY**,
individually and on behalf of all others similarly situated,

Dated: October 31, 2014        By:  /s/ Stefan L. Coleman
                                       One of Plaintiffs' Attorneys

Stefan L. Coleman (#000382009)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427

---

rules, [the NJCFA] would apply to [the] consumer fraud claims of all members of the class, including those who resided in states other than New Jersey.").

[4]     A [Proposed] Order is attached here to as Exhibit 4.

[5]     Should the Court deny the relief requested herein, Plaintiffs respectfully request ten (10) days to complete and file their opposition to Defendants' Motion to Dismiss.

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
Eve-Lynn Rapp*
erapp@edelson.com
Amir Missaghi*
amissaghi@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Admitted *pro hac vice*

*Attorneys for Plaintiffs and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

     I, Stefan Coleman, an attorney, hereby certify that on October 31, 2014, I caused the foregoing to be filed by the Court's CM/ECF system and to be served on all counsel of record.


<u>/s/     Stefan L. Coleman         </u>